**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald L. DAVIS, Defendant–Appellant.**

No. 02–5979.

United States Court of Appeals, Sixth Circuit.

March 12, 2004.

Ronald L. Davis, Nashville, TN, pro se.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and ALDRICH, District Judge.*

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Ronald L. Davis appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 7, 2002, Davis pleaded guilty without benefit of a written plea agreement to one count of mailing a threat to injure a person, Chief Judge R. Allen Edgar, in violation of 18 U.S.C. § 876. Davis filed a pro se motion to withdraw his plea on June 21, 2002. Following a hearing, the district court denied the motion as well as another pro se motion. A presentence investigation report was then prepared, which calculated Davis's offense level as 10, his criminal history category as III, and his resulting guideline range of imprisonment as 10 to 16 months. Counsel filed no objections. At the sentencing hearing, Davis exercised his right to allocute, and the district court sentenced Davis to serve 16 months in federal prison after the completion of his pre-existing 99–year state sentence.

Davis's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Nonetheless, counsel analyzed in his brief whether the district court erred by sentencing Davis to the upper end of the guideline range. Davis has filed a response, essentially arguing that the district court should have granted his motion to withdraw his plea so

that he could argue that his right to a speedy trial was violated by the government's failure to timely indict him. Davis also challenges the Fed. R.App. P. 10(c) summary of the motions hearing adopted by the district court. Davis requests the appointment of substitute counsel.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

Counsel's argument that the district court erred in sentencing Davis is not reviewable. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196 (6th Cir.1994). Davis's sentence falls within none of these categories and is within the guideline range.

We decline to consider Davis's appellate challenge to the Rule 10(c) statement because he did not comply with Rule 10(c) procedure and file his own Rule 10(c) statement in the district court. *See United States v. Taylor*, 9 Fed. Appx. 465, 468 (6th Cir.2001); *United States v. Burns*, 104 F.3d 529, 539 (2d Cir.1997).

Likewise, Davis's argument that he should be permitted to withdraw his plea is not reviewable because, according to the Rule 10(c) summary adopted by the district court, he withdrew his motion to withdraw his plea before a hearing on that motion. *See United States v. Turner*, 324 F.3d 456, 462 (6th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 186, 157 L.Ed.2d 121 (2003). Furthermore, Davis did not raise his speedy trial claim in his motion to withdraw his plea or elsewhere in the district court record. Thus, this argument is raised for the first time on appeal and may not be considered. *See United States v. Nagi*, 947 F.2d 211, 213 (6th Cir.1991). Finally, Davis does not reassert his original arguments in support of his motion to withdraw his guilty plea and is deemed to have abandoned them. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, counsel's motion to withdraw is granted, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.